IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  S2-4:18 CR 828 RLW (NCC) |
| v. ) | |
| ) | |
| LLOYD WINGS, ) | |
| a/k/a "G," ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT LLOYD WING'S MOTION
FOR DISCLOSURE PURSUANT TO RULES 404(b) AND 609**

COMES NOW the Plaintiff, United States of America, by and through its counsel Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Paul J. D'Agrosa, Assistant United States Attorney for said District, and herewith submits their response to defendant Lloyd Wing's motion for disclosure pursuant to Rules 404(b) and 609.

**STATEMENT OF RELEVANT FACTS**

On March 12, 2020 a duly empaneled Grand Jury sitting in the Eastern District of Missouri returned a second superseding indictment, alleging Defendant Lloyd Wings conspired to commit Hobbs Act robberies and sixteen additional counts, alleging that Defendant committed eight armed robberies of businesses and eight counts that he possessed/brandished firearm in furtherance of each crime of violence [Doc. # 243].

Full disclosure has been made to Defendant, both to his prior appointed counsel and now to newly-appointed counsel. Pretrial disclosure consists of the following:

- Dominos crime scene photos
- Pawn shop documents related to Draco

1

- Emails from Det. Lampini regarding Dominos robbery
- FBI 302 regarding Lampini emails
- Audio/video Jeremy Wings interview
- Audio/video Kirk Torrence interview
- 404(b) evidence
- Audio/video Markese Watkins interview
- O'Reilly's surveillance video
- Phone warrant 243-6410 (Watkins)
- Phone warrant 315-6586 (Watkins)
- Phone warrant 482-1039 (D. Duncan)
- Phone warrant 583-6983 (D. Wings)
- Phone warrant 585-6807 (K. Torrence)
- Phone warrant 657-8326 (J. Wings)
- Photos of black Pontiac
- Photos of purple gun
- Search Warrant 4246 Evans
- Search Warrant 5575 Powers
- Surveillance video Family Dollar (7/31/2018)
- Surveillance video Title Max (8/29/2018)
- Surveillance video Dominos (8/31/2018)
- Surveillance video Subway 9/3/2018)
- Surveillance video Imos (9/5/2018)
- Surveillance video Family Dollar (9/7/2018)
- Surveillance video Boost (9/8/2018)
- Surveillance video Metro PCS (9/9/2018)
- Surveillance video Metro PCS (9/9/2018)
- Surveillance video Family Dollar (9/10/2018)
- Surveillance video Metro PCS (9/15/2018)
- Surveillance video Papa Johns (9/16/2018)
- Surveillance video Metro PCS (9/22/2018)
- Surveillance video Mr. Nice Guy (9/30/2018)
- SLMPD report #18-46652
- SLMPD report #18-48455
- SLMPD report # 18-49935
- CAST analysis
- J. Wings consent
- Process report
- FBI 302 arrest of M. Watkins

- FBI 302 arrest of D. Duncan
- FBI 302 arrest of D. Wings
- FBI 302 arrest of J. Wings
- FBI 302 arrest of Kirk Torrence
- FBI 302 for cellphone processing
- FBI 302 interview of V. Bruce
- FBI 302 post-arrest interview of J. Wings
- FBI 302 receipt of lab reports
- FBI 302 request and receipt of L. Wings MDOC calls
- FBI 302 retrieval of surveillance video
- FBI 302 transport of D. Wings to USMS custody
- Bank robbery report from 2000 (0-106375)
- SLMPD report #18-42841 (assault first/arrest of L. Wings)
- ATT mobile phone records (314) 315-6586
- SLMPD report #18-42541
- SLMPD report #18-42536
- SLMPD report #18-44644
- Video clip from 9/29/2018
- CV of Downing (CAST expert)
- SLMPD report #18-41238
- SLMPD report #18-42723
- Photo of black Nike tennis shoes
- Evidence receipts for DRACO
- SLMPD report # 18-42410
- SLMPD report #18-42798
- FBI 302 testing of DRACO
- FBI 302 post-arrest interview M. Watkins
- FBI 302 recovery of DRACO
- FBI 302 retrieval of Papa Johns video
- FBI 302 retrieval of Imo's video
- FBI advice of rights form (J. Wings)
- FBI advice of rights form (unknown)
- Form 4473 Cassandra Woolfolk
- SLMPD report #18-42062
- FBI consent and retrieval form Imo's video
- Investigator's photos of suspects
- SLMPD report #18-39609
- Jeremy Wings jail calls (5)

- Lab reports
- Lab report – DRACO
- Lab report – NIBIN
- Pagedale PD report #18-563
- SLMPD report #18-42658
- SLMPD report #18-43817
- SLMPD report #18-46545
- SLMPD report #18-46557
- SLMPD report #18-40004
- SLMPD report #18-40821
- SLMPD report #18-46393
- SLMPD report #18-44030
- Photo of DRACO from J. Wing's phone
- Photo of Evans house from J. Wing's phone
- Photo shown to V. Bruce
- Photos of DRACO
- Photos of drug scale from J. Wing's phone
- Receipt of property J. Wings phone
- FBI 302 recovery of Nike tennis shoes
- Sprint phone records for (314) 657-8326
- SLMPD report #18-41624
- FBI 302 recovery of Boost video
- North County Police Cooperative report #18-2499W
- T Mobile phone records (314) 243-6410
- T Mobile phone records (314) 585-6807
- Cell phone tower list
- University City police report #18-36142

## ARGUMENT

Defendant Wings' instant motion seeks disclosure of any evidence the United States intends to introduce against the Defendant regarding prior or subsequent criminal conduct, i.e. "bad acts" evidence, not charged in the indictment and not alleged as part of any conspiracy charged in the indictment. Defendant also seeks disclosure of this category of evidence as it relates to "any party initially charged in the indictment."

4

The Government concedes that as a general rule, "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b). Rule 404(b) "is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). Under this rule, evidence of other crimes, wrongs, or bad acts is admissible if:

> (1) it is relevant to a material issue;
> (2) it is similar in kind and not overly remote in time to the crime charged;
> (3) it is supported by sufficient evidence; and
> (4) the potential prejudice does not substantially outweigh the probative value.

*Id.* By its own terms, Rule 404(b) provides that where the government intends to invoke it as its grounds for admitting evidence,

> [o]n request by a defendant in a criminal case, the prosecutor must:
>
> **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> **(B)** do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

FRE 404(b)(2). However,

> The rule imposes no specific time limits beyond requiring reasonable pretrial notice and the Committee notes explain that "what constitutes a reasonable ... disclosure will depend largely on the circumstances of each case." FRE 404(b) cmt.

*United States v. Green*, 275 F.3d 694, 701 (8th Cir. 2001).

5

At least one Court of Appeals has examined what "circumstances" are relevant in determining whether notice of intent to use Rule 404(b) evidence is timely and reasonable. The United States Court of Appeals for the Eleventh Circuit noted that,

> [t]he Committee notes are silent as to what circumstances are relevant. To fill this gap, we analogize to other evidentiary notice provisions, such as those in the residual hearsay exceptions (Fed.R.Evid. 803(24) and 804(b)(5)), and to notice requirements imposed by discovery orders. We are mindful that the analogies cannot be taken too far, since the language of other notice requirements in the Federal Rules of Evidence is more specific than the "reasonable notice" required by 404(b).

*United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994). After first explaining its rationale, the Eleventh Circuit concluded,

> by analogy to other notice provisions, we can discern three factors the court should consider in determining the reasonableness of pretrial notice under 404(b):
>
> (1) When the Government, through timely preparation for trial, could have learned of the availability of the witness;
>
> (2) The extent of prejudice to the opponent of the evidence from a lack of time to prepare; and
>
> (3) How significant the evidence is to the prosecution's case.

*Id.* at 1562. Obviously, these factors can be effectively examined only in retrospect. As a result, they offer little guidance as to the appropriate timing of a Rule 404(b) notice.

Defendant also requests notice of specific criminal convictions upon which the United States may inquire on cross-examination pursuant to Rule 609. FRE 609 provides, in part, that evidence of criminal convictions may be used as impeachment to attack a witness's character for truthfulness. In order for the conviction to be used, it must be for a crime punishable by death or imprisonment for more than one year or for a crime which has elements involving a dishonest act or false statement. Evidence of a conviction under this rule is not admissible if a period of more

6

than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.  If the party seeks to impeach a witness through a prior conviction outside the allowed ten-year period, that party must give the adverse party reasonable written notice of the intent to use the conviction.

Unlike FRE 404(b), if the conviction falls within the ten-year time period, the plain language of Federal Rule of Evidence 609 does not provide a specific notice requirement.  Nothing in the Rule's language implies an obligation on the Government's part to disclose that impeachment material prior to trial.  *United States v. Eagle*, 515 F.3d 794, fn. 5 (8th Cir. 2008).

The United States is aware that if it intends to offer evidence of a criminal conviction that is outside the ten-year period, it must provide reasonable notice of that pursuant to FRE 609.  The Government maintains however, that Defendant's instant motion is premature and should be heard by the District Court, which will set deadlines and rule on its admissibility.  *See United States v. Ayodele*, No. 07 CR 40055, 2008 WL 558050, at 3 (D. S.D. February 29, 2008) (two weeks prior to trial).

The government is well aware of its obligations under Rules 404(b) and 609.  In the instant case – as in every case – the government fully intends to comply with the terms of Rules 404(b) and 609, including the notice provision however, this case has not yet been scheduled for trial.

## CONCLUSION

Rule 404(b) requires that, having received a request by defendant for such notice, the government provide "reasonable notice" of the general nature of any evidence it would intend to offer at trial pursuant to that rule.  Inasmuch as the case remains in the pre-trial motions stage and

has not yet been set for trial, the government respectfully requests that, to the extent that Defendant's motion seeks *immediate* notice of intent to admit Rule 404(b) and 609 evidence, it be denied. The government acknowledges its obligation to provide "reasonable notice" of Rule 404(b) and 609 evidence and shall comply with the same.

                                            Respectfully submitted,

                                            JEFFREY B. JENSEN
                                            UNITED STATES ATTORNEY

                                            */s/  Paul J. D'Agrosa*
                                            PAUL J. D'AGROSA (#36966MO)
                                            Assistant United States Attorney
                                            111 S. 10th Street, 20th Floor
                                            St. Louis, MO  63102
                                            (314) 539-2200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of August, 2020, I filed the foregoing electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon counsel for defendant.

                                            */s/ Paul J. D'Agrosa*