IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| )   Case No.  S2-4:18 CR 828 RLW (NCC) | |
| v.   ) | |
| ) | |
| LLOYD WINGS,   ) | |
| a/k/a "G,"   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT LLOYD WING'S MOTION
FOR DISCLOSURE OF FAVORABLE, EXCULPATORY AND
IMPEACHING EVIDENCE**

COMES NOW the Plaintiff, United States of America, by and through its counsel Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Paul J. D'Agrosa, Assistant United States Attorney for said District, and herewith submits their response to defendant Lloyd Wing's motion for disclosure of favorable, exculpatory and impeaching information.

**STATEMENT OF RELEVANT FACTS**

On March 12, 2020 a duly empaneled Grand Jury sitting in the Eastern District of Missouri returned a second superseding indictment, alleging Defendant Lloyd Wings conspired to commit Hobbs Act robberies and sixteen additional counts, alleging that Defendant committed eight armed robberies of businesses and eight counts that he possessed/brandished firearm in furtherance of each crime of violence [Doc. # 243].

Full disclosure has been made to Defendant, both to his prior appointed counsel and now to newly-appointed counsel. Pretrial disclosure consists of the following:

- Dominos crime scene photos
- Pawn shop documents related to Draco
- Emails from Det. Lampini regarding Dominos robbery
- FBI 302 regarding Lampini emails
- Audio/video Jeremy Wings interview
- Audio/video Kirk Torrence interview
- 404(b) evidence
- Audio/video Markese Watkins interview
- O'Reilly's surveillance video
- Phone warrant 243-6410 (Watkins)
- Phone warrant 315-6586 (Watkins)
- Phone warrant 482-1039 (D. Duncan)
- Phone warrant 583-6983 (D. Wings)
- Phone warrant 585-6807 (K. Torrence)
- Phone warrant 657-8326 (J. Wings)
- Photos of black Pontiac
- Photos of purple gun
- Search Warrant 4246 Evans
- Search Warrant 5575 Powers
- Surveillance video Family Dollar (7/31/2018)
- Surveillance video Title Max (8/29/2018)
- Surveillance video Dominos (8/31/2018)
- Surveillance video Subway 9/3/2018)
- Surveillance video Imos (9/5/2018)
- Surveillance video Family Dollar (9/7/2018)
- Surveillance video Boost (9/8/2018)
- Surveillance video Metro PCS (9/9/2018)
- Surveillance video Metro PCS (9/9/2018)
- Surveillance video Family Dollar (9/10/2018)
- Surveillance video Metro PCS (9/15/2018)
- Surveillance video Papa Johns (9/16/2018)
- Surveillance video Metro PCS (9/22/2018)
- Surveillance video Mr. Nice Guy (9/30/2018)
- SLMPD report #18-46652
- SLMPD report #18-48455
- SLMPD report # 18-49935
- CAST analysis
- J. Wings consent

- Process report
- FBI 302 arrest of M. Watkins
- FBI 302 arrest of D. Duncan
- FBI 302 arrest of D. Wings
- FBI 302 arrest of J. Wings
- FBI 302 arrest of Kirk Torrence
- FBI 302 for cellphone processing
- FBI 302 interview of V. Bruce
- FBI 302 post-arrest interview of J. Wings
- FBI 302 receipt of lab reports
- FBI 302 request and receipt of L. Wings MDOC calls
- FBI 302 retrieval of surveillance video
- FBI 302 transport of D. Wings to USMS custody
- Bank robbery report from 2000 (0-106375)
- SLMPD report #18-42841 (assault first/arrest of L. Wings)
- ATT mobile phone records (314) 315-6586
- SLMPD report #18-42541
- SLMPD report #18-42536
- SLMPD report #18-44644
- Video clip from 9/29/2018
- CV of Downing (CAST expert)
- SLMPD report #18-41238
- SLMPD report #18-42723
- Photo of black Nike tennis shoes
- Evidence receipts for DRACO
- SLMPD report # 18-42410
- SLMPD report #18-42798
- FBI 302 testing of DRACO
- FBI 302 post-arrest interview M. Watkins
- FBI 302 recovery of DRACO
- FBI 302 retrieval of Papa Johns video
- FBI 302 retrieval of Imo's video
- FBI advice of rights form (J. Wings)
- FBI advice of rights form (unknown)
- Form 4473 Cassandra Woolfolk
- SLMPD report #18-42062
- FBI consent and retrieval form Imo's video
- Investigator's photos of suspects

3

Case: 4:18-cr-00828-RLW-NCC   Doc. #: 319   Filed: 08/10/20   Page: 4 of 8 PageID #: 1103

- SLMPD report #18-39609
- Jeremy Wings jail calls (5)
- Lab reports
- Lab report – DRACO
- Lab report – NIBIN
- Pagedale PD report #18-563
- SLMPD report #18-42658
- SLMPD report #18-43817
- SLMPD report #18-46545
- SLMPD report #18-46557
- SLMPD report #18-40004
- SLMPD report #18-40821
- SLMPD report #18-46393
- SLMPD report #18-44030
- Photo of DRACO from J. Wing's phone
- Photo of Evans house from J. Wing's phone
- Photo shown to V. Bruce
- Photos of DRACO
- Photos of drug scale from J. Wing's phone
- Receipt of property J. Wings phone
- FBI 302 recovery of Nike tennis shoes
- Sprint phone records for (314) 657-8326
- SLMPD report #18-41624
- FBI 302 recovery of Boost video
- North County Police Cooperative report #18-2499W
- T Mobile phone records (314) 243-6410
- T Mobile phone records (314) 585-6807
- Cell phone tower list
- University City police report #18-36142

## **ARGUMENT**

Defendant Wings' instant motion is a motion for immediate (or early) disclosure of *Brady/Giglio* and/or *Jencks* material. The government submits he is entitled to neither.

**I.   WINGS IS NOT ENTITLED TO BRADY AND/OR GIGLIO MATERIAL, TO THE EXTENT THAT IT EXISTS, INASMUCH AS THE CASE IS NOT YET SET FOR TRIAL.**

4

It is axiomatic that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97, 10 L. Ed. 2d 215 (1963). Moreover, "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972). "In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland,* it is the [prosecuting entity] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *United States v. Pou*, 953 F.2d 363, 366 (8th Cir. 1992) (internal citation and quotation omitted).

The government is well aware of its obligation to disclose exculpatory and/or impeaching information in compliance with *Brady* and *Giglio*. To the extent, however, that Wings argues he is entitled to immediate disclosure of the same or a date certain for disclosure, he is in error. "Under the rule in our circuit *Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Szczerba*, 897 F.3d 929, 941 (8th Cir. 2018)(internal citation and quotation omitted). *See also, United States v. Manthei*, 979 F.2d 124, 127 (8th Cir. 1992) ("The Eighth Circuit has held that *Brady* is only violated if evidence is discovered, *after the trial*, of information which had been known to the prosecution but unknown to the defense.")(emphasis added). In fact, the United States Court of Appeals for the Eighth Circuit has declined to find *Brady* violations where the government made disclosures as little as one day prior to trial. *See,*

5

*United States v. Heppner*, 519 F2d 744, 750 (8th Cir. 2008) ("None of appellants' *Brady* claims have merit. The government disclosed the FBI investigation report the day before trial so appellants had the information in time to use it at trial.") Even "[a] mid-trial disclosure violates *Brady* only if it comes too late for the defense to make use of it." *United States v. Tyndall*, 521 F.3d 877, 882 (8th Cir. 2008)(internal citation omitted).

In the instant case, the Court has not yet scheduled a trial date. It will not do so until the completion of pre-trial matters. Given the history of the instant case and the current COVID-19 concerns, and the glacial pace at which it has proceeded, it may be many months before the matter is tried. In the absence of a trial date, the government submits that it is under no current obligation to disclose *Brady* and/or *Giglio* material. In point of fact, the government is unaware of any information that could be reasonably interpreted as "exculpatory" as to Wings. As a result, the government would have nothing to disclose even if it were inclined to do so. As to *Giglio* material, the government has not yet begun to consider what witnesses it might call at trial. Even assuming, *arguendo*, that the government had developed its witness list, "in a noncapital case an accused has no constitutional right to require the production of the names and addresses of possible witnesses." *United States v. Cole*, 449 F. 2d 194, 198 (8th Cir. 1971). As a result, the government declines at this time to provide Wings with a list of – or any *Giglio* information related to – its trial witnesses or potential witnesses.

The *Brady* line of cases do not constitute a discovery rule that broadly grants a right of pretrial discovery to a defendant. *See, United States v. Bagley,* 473 U.S. 667, 675 n.7 (1985). Indeed, the Eighth Circuit has repeatedly recognized that *Brady* does not require *pretrial* disclosure of favorable, exculpatory and impeaching information. *United States v. Spencer,* 753 F.3d 746, 748 (8th Cir. 2014) (quoting *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir.

6

2005)). Although pretrial disclosure is not required, under *Brady*, due process is satisfied only if the information is furnished before it is too late for the defendant to effectively use it at trial. *Almendares*, 397 F.3d at 664. As such, the Eighth Circuit has expressed its disapproval of "any government agent avoiding a forthright disclosure of relevant information" particularly where the information withheld is of an exculpatory nature. *Id.*

The Supreme Court has made clear that each individual prosecutor has an affirmative duty to learn of and disclose any exculpatory or impeachment evidence known to other government agents, including any agents or officers involved in the investigation. *See Kyles,* 514 U.S. at 437. The Eighth Circuit has held that *Brady* imposes no "affirmative obligation" on the government "to discover potentially exculpatory information which it neither possessed nor of which it was aware." *United States v. Hawkins,* 78 F.3d 348, 351 (8th Cir. 1996) (holding a Missouri prosecutor was not accountable for information possessed by an Illinois prosecutor where the prosecutor was unaware of discovery materials in the Illinois case). However, the same is not true of favorable evidence material to guilt or punishment about which the government knows or has reason to know. Even where material exculpatory information is not in the custody of the prosecutor and investigators, the government's disclosure obligations under *Brady* turns on the extent to which the prosecutor knows about, and has access to, the documents or information sought by the defendant. *See United States v. Santiago*, 46 F.3d 885, 893-94 (9th Cir. 1995) (citing *United States v. Bryan,* 868 F.2d 1032, 1036 (9th Cir. 1989)); *United States v. Brooks,* 966 F.2d 1500, 1502-03 (D.C. Cir. 1992); *United States v. Auten,* 632 F.2d 478, 481 (5th Cir. 1980) (holding the prosecution had a duty to search the FBI and National Crime Information Center database for a key witness's convictions).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny Defendant's motion for disclosure of favorable, exculpatory and impeaching information as the motion is premature.

> Respectfully submitted,
>
> JEFFREY B. JENSEN
> UNITED STATES ATTORNEY
>
> */s/  Paul J. D'Agrosa*
> PAUL J. D'AGROSA (#36966MO)
> Assistant United States Attorney
> 111 S. 10th Street, 20th Floor
> St. Louis, MO  63102
> (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2020, I filed the foregoing electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon counsel for defendant.

> */s/ Paul J. D'Agrosa*

8